UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Douglas Edward Haslow,

Petitioner,

vs. REPORT AND RECOMMENDATION

Bert Mohs, Warden,

Respondent. Civ. No. 01-2140(JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of January, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petitioner's Petition for Writ of Habeas Corpus. See, Title 28 U.S.C. §2254. The Petitioner appears pro se and, in view of the fact that his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For reasons which follow, we recommend that the Petition be summarily dismissed.

II. Factual and Procedural Background

The Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, due to his conviction by a Jury, in February of 1999, of First Degree Assault and Terror-

JAN 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

istic Threats. At that time, he was sentenced to 98 months in the custody of the Commissioner of the Minnesota Department of Corrections. See, Petition, at 2.

On May 5, 1999, the Petitioner filed a Notice of Appeal from the Judgment of Conviction with the Minnesota Clerk of Appellate Courts. The appeal was dismissed, however, at the request of the Petitioner, as he wished to initiate postconviction proceedings instead. See, Attachment B to Affidavit of Douglas Edward Haselow, at iii ("Attachment B"). On March 15, 2000, the Petitioner filed his initial Petition for postconviction relief, with the Minnesota State District Court. In that Petition, he alleged the following grounds for relief:

> a. His procedural due process rights were violated because neither the Trial Court, the prosecutor, nor his attorney requested an examination to determine his competency, in accordance with Rule 20, Minnesota Rules of Civil Procedure.
>
> b. His attorney provided him ineffective assistance of counsel due to his failure to seek a Rule 20 examination.

Minnesota v. Haselow, 2001 WL 537085 at *1 (Minn.App. May 22, 2001) [unpublished decision].

After a Hearing conducted in July of 2000, the Petition for postconviction relief was denied, on November 15, 2000. Id.

On December 8, 2000, the Petitioner filed an appeal with the Minnesota Court of Appeals. His appeal was denied on May 22, 2001.

Id. There is no indication in the Record that the Petitioner sought review by the Minnesota Supreme Court.

The Petitioner subsequently filed this Federal Petition for a Writ of Habeas Corpus, under Section 2254, on November 26, 2001. In his Petition, he claims the following:

> a. The postconviction Court abused its discretion when it concluded that [the Petitioner's] procedural due process rights were not violated because the Trial Court, prosecutor and public defender failed to request a Rule 20 evaluation.
>
> b. The Petitioner received ineffective assistance of counsel because his public defender failed to request a Rule 20 evaluation.

Petition, at 5.

We conclude that the Federal Petition is premature, however, as the Petitioner never presented his claims to the Minnesota Supreme Court.

## III. Discussion

A. Standard of Review. Upon receiving a Petition for a Writ of Habeas Corpus, brought under Section 2254, this Court is to examine the Petition prior to ordering a response by the respondent. See, Rule 4, Federal Rules Governing Section 2254 Cases in the United States District Courts. Moreover, as the Rule plainly provides, this Court "shall make an order for [a petition's] summary dismissal" "[i]f it plainly appears from the face of the peti-

tion and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id.

Here, the Petitioner has presented his claims to the Minnesota State District Court, as well as the Minnesota Court of Appeals, although there is no evidence in the Record that he had filed an appeal with the Minnesota Supreme Court. Thus, the issue becomes whether the Petitioner is required to appeal the Minnesota District Court's, and Court of Appeals', denial of his postconviction appeal, to the Minnesota Supreme Court, in order to satisfy the applicable exhaustion requirement. We conclude that, in order to properly exhaust his State Court remedies, he must pursue such an appeal.[1]

[1]We acknowledge that any State Court appeal, which the Petitioner has yet to file, may be barred by State procedural rules, and that, in such a case, we would be compelled to determine, under the procedural default rule, whether we could now review his unexhausted claims. However, under the procedural default rule, Federal Courts are barred from reviewing claims which were defaulted under a firmly established and regularly followed procedural State law. See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed, 489 U.S. 255, 262 (1989). Here, the Petitioner has made no showing that his claim would be procedurally defaulted by the State Court, or that, if it was, it was not defaulted under a firmly established and regularly followed rule. Accordingly, on the Record presented, we can only state, with certainty, our conclusion that the Petitioner has failed to exhaust his State Court remedies. Any decision under the procedural default rule must await an attempt by the Petitioner to demonstrate that he has satisfied the requirements of that rule.

In O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999), the United States Supreme Court considered the exhaustion requirement in the context of whether a petitioner "must seek review in a state court of last resort when that court has discretionary control over its docket." In reaching its decision, that such a step is required, the Court noted that Section 2254(c) states that a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State * * * if he has the right under the law of the State to raise, by any available procedure, the question presented." Acknowledging that this provision could be read quite broadly, the Court observed that it has been interpreted more narrowly, so that petitioners are not required to raise, on collateral appeal, issues already exhausted on direct appeal, or to seek every alternative remedy available to them. Id. at 844. However, recognizing that the purpose of exhaustion was to provide "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," the Supreme Court held that "state prisoners must give the state courts **one full** opportunity to resolve any constitutional issues by invoking **one complete round** of the State's established appellate review process." Id. at 845 [emphasis added].

Our Court of Appeals has recognized that, under Minnesota law, "a direct appeal from a judgment of conviction is not the most ap-

propriate way to raise a claim of ineffective assistance of trial counsel because the reviewing court does not have the benefit of all the facts concerning why defense counsel did or did not do certain things." Murray v. Wood, 107 F.3d 629, 631-32 (8th Cir. 1997), citing Roby v. State, 531 N.W.3d 482, 484 n. 1 (Minn. 1995). Further, it has noted that "Minnesota courts will 'consider[] ineffective assistance claims in postconviction proceedings even though [the] petitioner did not raise the claims on direct appeal.'" Id., citing Scruggs v. State, 484 N.W.2d 21, 25 (Minn. 1992). We do not believe that a different result is reached under the Court's most recent holding, in Murray v. Hvass, 269 F.3d 896 (8th Cir. 2001), where the Court had reason to reconsider its earlier ruling in Murray v. Wood. In Murray v. Wood, our Court of Appeals affirmed the District Court's denial of Habeas relief, on exhaustion grounds, because the prisoner had not filed a Petition for postconviction relief in the State Court, even though he had filed a direct appeal in the State Court. Determining that the State Courts of Minnesota would review such a postconviction request, notwithstanding the exhausted direct appeal, the Court concluded that the Petitioner had failed to exhaust his claim.

Following Murray v. Wood, the prisoner filed a request for postconviction relief in the State Courts, see, Murray v. State, 1998 WL 747175 at *1-2 (Minn.App., October 27, 1998), which the

Minnesota State Courts denied, holding that the claim had been procedurally defaulted. The prisoner then filed a second Petition for Habeas Corpus, in the Federal District Court, "which determined that habeas relief was unavailable to [the prisoner] because the state courts had held that his claim was procedurally defaulted." Murray v. Hvass, supra at 898. On appeal, the Court of Appeals for the Eighth Circuit affirmed the District Court's decision, and rejected the prisoner's argument that, in denying his request for postconviction relief on grounds of procedural default, the Minnesota Courts had applied a rule that they had not consistently applied. Id. at 899. The Court reasoned as follows:

> It is true that a federal court is not barred from reviewing a state judgment on a petition for habeas corpus if that judgment is based on a state rule that is inconsistently followed. See Ford v. Georgia, 498 U.S. 411, 424-25, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). But the general rule in Minnesota, as we have said, is that "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief," State v. Knaffla, 309 Minn. 246, 243 N.W.2d 737, 741 (1976). This rule has been consistently followed by Minnesota courts for more than twenty years. See, e.g., Townsend v. State, 582 N.W.2d 225, 227-29 (Minn. 1998); Fox v. State, 474 N.W.2d 821, 824-25 (Minn. 1991); and Case v. State, 364 N.W.2d 797, 799 (Minn. 1985).
>
> After a careful review of the cases that [the prisoner] cites as examples of when the Minnesota rule has not been consistently followed

> by the courts of that state, we conclude that those cases, in the end, do not support his contention. Under Minnesota law, a procedural default can be overlooked "[i]n limited situations, if fairness so requires and if the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995), quoting Bangert v. State, 282 N.W.2d 540, 545 (Minn. 1979); see also Townsend, 582 N.W.2d at 228. After Scruggs, the Minnesota Supreme Court, in Hale v. State, 566 2d 923, 926 (Minn. 1997), explained that the Scruggs court had simply "exercised its discretion to review in the interests of justice." In this case the Minnesota courts evidently concluded that the interests of justice did not warrant excusing [the prisoner's] procedural default, and this determination is entitled to respect by our court.

Id. at 899-900.

The Court went on to hold that, "[b]ecause '[a] federal court conducting habeas corpus review must ordinarily refrain from reviewing any issue that a state court has already found to be defaulted on an adequate and independent state-law basis,' Owsley v. Bowersox, 234 F.3d 1055, 1058 (8th Cir. 2000), and because [the prisoner] has not alleged cause and prejudice for his default or that he is actually innocent, we decline to consider the merits of his argument with respect to ineffective assistance of counsel." Id. at 900.

We conclude that the Court's holding, in Murray v. Hvass, controls this case, as the Petitioner failed to perfect an appeal, from the denial of the State District Court, and of the Minnesota

Court of Appeals, of his request for postconviction relief, to the Minnesota Supreme Court. As the Court recognized, in Murray v. Hvass, there are occasions when the Minnesota Supreme Court will consider postconviction relief, even where the relief had not been requested in a previous direct appeal, and we cannot say that the Minnesota Supreme Court would not exercise that discretion here. We can say, however, that if the relief were denied, as procedurally defaulted, by the Minnesota Supreme Court on appeal, then the Petitioner's request for Habeas relief would be denied for the reasons expressed in Murray v. Hvass. A fortiori -- that is, with similar conviction -- the Petitioner's Habeas request should be denied where, as here, he has failed to seek an appellate review of the Minnesota Courts on his ineffective assistance of counsel claim. Accordingly, we recommend that the Petitioner's request for Habeas relief be summarily dismissed, but without prejudice.[2]

---

[2]Given our analysis, we need not reach the issue of whether the Supreme Court's holding, in O'Sullivan v. Boerckel, 526 U.S. 838 (1999), applies to requests for relief in a collateral proceeding, rather than, as was the case in O'Sullivan, on direct appeal. Were we to reach that issue, however, we would find the distinction to be without a difference. As the Court of Appeals for the Seventh Circuit has recently observed, in White v. Godinez, 192 F.3d 607, 608 (1999), "we do not believe that there is any appreciable difference between direct appeals and postconviction appeals" when considering the holding, in O'Sullivan, that the failure to pursue postconviction Petition to the highest State Court is a procedural defect that bars a Federal Court from considering Habeas Corpus relief on the unappealed claim. For the (continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be summarily dismissed, but without prejudice.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 18, 2002**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as

---

[2](...continued)
purpose served by exhaustion to be achieved, a State prisoner must present each of his claims to the highest court of the State before he can present them in a Federal Court. See, Edwards v. Carpenter, 529 U.S. 446, 451 (2000)("The procedural default doctrine and its attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack, Murray v. Carrier, 477 U.S. 478, 490-492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)."), and holding that a defaulted ineffective assistance of counsel claim, requires same showing of "cause and prejudice" as any other defaulted claim.

a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 18, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.